# L. J. THOMPSON

*v.*

# WILLIAM T. WILHITE.

1. SALE OF PERSONAL PROPERTY—*sufficiency of delivery of growing crops.* Where growing wheat and corn are sold in good faith, and the purchaser takes all the possession that is practicable before harvesting, and after it is cut down, and before a sufficient time elapses for him to remove it, it is seized on an execution against the seller, the purchaser will be entitled to hold it, on a trial of the right of property.

2. DELIVERY—*necessary to pass title to personal property, as against creditors.* Any absolute sale of personal property which is of such a character as to be capable of being removed, where it remains with the vendor, is fraudulent in law as to creditors and subsequent purchasers, notwithstanding the sale may be in good faith and for an adequate consideration.

3. TRIAL OF RIGHT OF PROPERTY — *validity of execution admitted by notice.* A claimant of personal property levied on under an execution against another person, by giving notice of a trial of the right of property, admits the vali[ ]of the execution.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. M. M. DUNCAN, and Messrs. WOODSON & WITHERS, for the plaintiff in error.

Messrs HODGES & BURR, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The property involved in this controversy having been levied upon, by virtue of an execution in the hands of a constable, this proceeding was instituted to try the right of property. The verdicts in the trials before the justice of the peace and in the circuit court were in favor of the claimant, and the execution creditor brings the case to this court on appeal.

On the 26th day of June, the claimant purchased the property of the execution debtor. No judgment had then been rendered against him. There does not seem to be much question as to the good faith of the transaction, although the property was paid for in pre-existing indebtedness, due from the judgment debtor to the claimant. Chiefly, the controversy is, whether there was such a delivery of the property as would pass the title, as to creditors and subsequent purchasers without notice. The property consisted of growing wheat and corn, an undivided half of a Woods' reaper, and lot of stock hogs. At the time of the levy, all this property was on a farm belonging to the wife of the execution debtor, except the reaper, and that was in the possession of the owner of the other undivided half, who resided some miles distant. Both the wheat and corn had been grown on that farm. When he purchased, the claimant took all the possession of the wheat and corn that was possible for him to do. They were then growing in the field, and it was not practicable for him to remove them until the grain was ready to be harvested. Subsequently, and perhaps a day or two before the execution was levied, the wheat was cut down, but no sufficient time had then elapsed in which the claimant could have removed it. With

regard to the wheat, corn and the undivided half of the reaper, there having been a sufficient delivery to pass the title of the property, the verdict was right and was warranted by the law and the evidence.

But a different question arises as to the hogs. It was entirely practicable for the claimant to have taken possession of them at the time of making the bill of sale. Any absolute sale of personal property, where it remains with the vendor, if it is that character of property that is capable of being removed, is fraudulent in law as to creditors and subsequent purchasers, notwithstanding the sale may have been in good faith and for an adequate consideration. The charge of the court on this question was broader than the law will warrant. It was, that if the sale of the hogs was *bona fide* made before the execution came to the hands of the officer, and that the hogs had been delivered to the claimant on the farm where they were at the time of the sale, and that claimant, in good faith, after the purchase and delivery, employed the execution debtor to feed the hogs on the premises, these facts, if proven, would entitle him to hold the property. This instruction is faulty, inasmuch as it assumes, by its terms, there had been a delivery of the hogs, when that was the exact question submitted. But most fatal of all the objections urged is, that the facts stated, if proven, do not show there had been a delivery of the hogs to the purchaser. Something more than was done was necessary to show a delivery. The mere fact the claimant may have employed the execution debtor to feed them on the premises, by no means proves a delivery of the hogs. Indeed, if it proves anything, it proves exactly the contrary.

There was no error in refusing to give defendant's eighth instruction. There was and could be no controversy as to the validity of the execution under which the property had been seized. The claimant, by his act of giving notice to try the right of property, admits the validity of the execution. The proposition of law stated was correct, and if any question of that kind had been attempted to be made, the instruction might with propriety have been given. But we do not under-

stand any such point was made, and hence there was no necessity for giving the instruction.

For the error indicated in the charge given by the court on behalf of the claimant, the judgment will be reversed and the cause remanded.

*Judgment reversed.*