## TOM PICKARD ET AL.

### v.

## H. C. HOPKINS.

1. VENDOR AND VENDEE—POSSESSION OF PROPERTY.—When there is a sale of personal property by a debtor, there must be a delivery and change of possession before the purchaser can acquire title as against creditors of the vendor, and this rule applies even where the sale is made in good faith and for an adequate consideration.

2. DELIVERY.—The delivery may be actual or constructive; but it must be substantial and not a mere formal and temporary change of possession.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 4, 1885.

Mr. W. C. SIMPSON, for appellant; cited Allen v. Carr, 85 Ill. 338; Curran v. Bernard, 6 Bradwell, 341; Lewis v. Swift, 54 Ill. 436; Thompson v. Wilhite, 81 Ill. 356.

In all cases the change of possession must be substantial and exclusive: Thompson v. Yeck, 21 Ill. 73; Ticknor v. McClelland, 84 Ill. 471.

Mr. C. H. CHITTY, for appellee; that although property apparently remains with a defendant in execution, the ownership may be shown elsewhere, if the transaction is one of good faith, and of this the jury are the judges, cited Neece

v. Haley, 23 Ill. 416; Hart v. Wing, 44 Ill. 141; Means v. Williams, 37 Mo. 556; Heine v. Anderson, 2 Duer (N. Y.), 318; Dayton v. People's Savings B'k, 23 Kan. 421.

Baker, J. This was a trial of the right of property. One Taylor was the owner of the horse in controversy, and had him, along with other horses he owned, in the pasture of Strawhacker, an agister. Appellee bought the horse from Taylor, June 20, 1884, on an old debt, and took him by the mane to lead him to the barn, but after leading him fifty or sixty yards, the horse broke loose and ran back to the other horses. Appellee then concluded to leave the horse in the pasture until such time as he should direct Taylor to ship him to Fairbury. No notice of the sale was given to Strawhacker either by appellee or Taylor. On the 19th of July following, a constable levied an execution, issued on a judgment in favor of appellants and against Taylor, on the horses.

When there is a sale of personal property by a debtor, there must be a delivery and change of possession, before the purchaser can acquire title as against creditors of the vendor. This rule applies even where the sale is made in good faith, and for an adequate consideration. Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Id. 471; Allen v. Carr, 85 Id. 388. The delivery may be actual or constructive; but it must be substantial, and not a mere formal and temporary change of possession.

The character of the delivery necessary, depends much upon the nature and particular situation of the property sold.

In the case at bar, there was no sufficient transfer of possession to the vendee. The leading of the animal by the mane the distance of fifty or sixty yards, was merely a formal and transitory custody. The horse was then left just where, and as it had been before, in the pasture of Strawhacker, along with the other horses of the vendor. The horse still remained in the custody and actual possession of the agister, and the agister continued to be the agent of Taylor, the defendant in execution, and held possession for him. An inquiry of Strawhacker would have elicited the reply, the horse was

Taylor's. If the agister had been notified of the sale and purchase, and had agreed to hold the horse for appellee, the transfer would probably have been valid against appellants.

The cases of Morse v. Powers, 17 N. H. 286, and Carpenter v. Snelling, 97 Mass. 452, cited by appellee, we regard as authorities against him. In the first case the property was lumber, and of a heavy bulky nature; a part of it was at the mill of one Whitman, and another part on a public landing; the one part was left at the mill, the plaintiff agreeing to pay Whitman for the use of the mill; the other part was left on the public landing until the next morning, the plaintiff having requested one Dutton, who lived near, to take charge of the lumber for him.

In the other case, the custodian of the mortgagees was put in possession of the chattels, although the property was left on the premises of the mortgagor.

The ruling of the court upon the instructions, so far as they are inconsistent with the views herein expressed, were erroneous.

It was also error to overrule the motion for a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.