## Second National Bank of Danville et al.
### v.
## Charles L. English et al.

*Insolvency—Jurisdiction of County Court—How far Exclusive--Circuit Court has Jurisdiction of Bill to have Trust Deed Canceled—¶ 47, Sec. 11, Chap. 72, Starr & C. Ill. Stat.*

1.  The Circuit Court has jurisdiction of a bill filed by creditors and the assignee of an insolvent to have a trust deed covering his real estate canceled and annulled and the property passed over to the assignee.

2.  The exclusive jurisdiction of the County Court as an insolvent's court does not extend to a proceeding brought by the assignee and others, to remove a cloud from the title of property claimed to be a part of the insolvent's estate.

[Opinion filed November 20, 1886.]

In ERROR to the Circuit Court of Vermilion County; the Hon. J. W. WILKINS, Judge, presiding.

Messrs. H. P. BLACKBURN, W. J. CALHOUN and LAWRENCE & THOMPSON, for plaintiffs in error.

The relief sought by the bill is to remove a cloud upon the title of the assignee Frazier, or to remove an impediment in the way of a sale of the property assigned to him. A court of equity has exclusive jurisdiction for this purpose. Farnsworth v. Strassler, 12 Ill. 482; Moore v. Munn, 69 Ill. 591; 2 Story's Eq. (2d Ed.) Sec. 700.

The County Court has limited jurisdiction, and only over matters especially provided by the statute. It is not empowered to enter a decree canceling a deed of record in the office of the recorder of deeds. It has no equitable jurisdiction. Propst v. Meadows, 13 Ill. 157; Dixon v. Buell, 21 Ill. 203; Moore v. Rogers, 19. Ill. 347; Pahlman v. Graves, 26 Ill. 405.

Messrs. DAVIS & MANN, for defendants in error.

PLEASANTS, P. J.   On July 27, 1885, Wm. W. R. Woodbury made a general assignment to DeWitt C. Frazier for the benefit of his creditors, which was filed for record at 3:45 o'clock P. M. of said day and purported to convey all the real and personal property of the assignor, wherever situate and of whatever nature, without a more particular description. His indebtedness was listed at $111,217.77 and the assets were estimated at $115,429.55.

At 3:40 P. M. of the same day there was also filed for record a deed of conveyance of divers lots of real estate from said Woodbury to Charles L. English, as trustee of the other defendants in error, who were respectively sureties on several items of said indebtedness for something over $28,000, to indemnify them against loss by reason of such suretyship.

The bill herein was filed by creditors whose claims aggregated about $30,000, on behalf of themselves and such others as should join in and contribute to the expense of the proceeding, and by order of the County Court, on their petition, the assignee was also made a party complainant, by an amendment thereto.

Besides the facts above stated it avers, on information and belief, that the estate assigned will not realize more than $50,000; that the lots described in the deed of trust are of the value of about $25,000; that the larger part of complainants' claims have been duly verified and presented to the assignee as required by the statute; that they are believed to constitute a majority of the indebtedness of said insolvent, exclusive of his liabilities to said sureties; that said deed of trust and

assignment were executed simultaneously, prepared by the same attorney for said insolvent, acknowledged at the same time before the same officer and together filed for record; that for several days immediately preceding said 2d day of July, said Woodbury intended and contemplated the making of said general assignment, and that the execution of said deed of trust was a shift and device to evade the statutes, and expressly intended to prefer said surety creditors, and prays that said deed be canceled and annulled, and all the estate of said Woodbury in the property therein described, decreed to pass to said Frazier by virtue of said deed of assignment for the uses and purposes therein expressed.

To this bill the defendants demurred, and for cause said: It set up no matter or thing within the jurisdiction of said court, and that all the matters and things therein set forth are wholly within the jurisdiction of the County Court of Vermilion County.

The court sustained this demurrer and dismissed the bill, and the complainants appealed.

As we understand it, the single question presented by this record is that of the jurisdiction of the Circuit Court, and it would seem to be important on account of the interest involved, if for no other reason. Yet counsel have not deemed it necessary to aid us in its solution by any extended argument.

The brief for appellants devotes to it three lines, and cites four cases of which the latest is from 28th Ill. That of appellees is briefer still, simply referring us to Freydendall v. Baldwin, 103 Ill. 325; Hanchett v. Waterbury, 115 Ill. 220; and Field v. Ridgely, 116 Ill. 424, without a word of comment.

The case made by the bill is certainly of a character quite familiar in equity practice, and clearly within the original jurisdiction of the Circuit Court as conferred by the Constitution, and if it could not be exercised in this particular instance, it must have been only because that of the County Court, not by virtue of its general powers as such, but as an insolvent's court under the Act of May 22, 1877, relating to voluntary assignments for the benefit of creditors, had first attached. It

is settled by the authorities cited for appellees and by others, that all the property the insolvent debtor has at the time of the assignment passes to and vests in the assignee under the statute, and must be administered by him under the supervision of the County Court; that upon the making, filing and record-ing of the assignment, with the lists and schedules annexed, the County Court at once acquires jurisdiction over and becomes possessed of all the property and estate embraced within the assignment, subject, of course, to all prior liens and just claims that third parties may have to or upon it; that if, after the jurisdiction of the County Court has attached, third parties having real or pretended claims to or upon the trust estate were permitted, by means of process issued out of other courts, to take possession of the property in the hands of the assignee for purposes of litigation in such other courts, the County Court might be deprived of its jurisdiction altogether, and, in any event, would be so retarded and embarrassed that it would be impossible to administer the estate in the manner or within the time prescribed by the act; that the assignee, the insolvent debtor and all persons claiming an interest in the fund are subject alike to the summary jurisdiction of that court, and all rights, or real supposed, with respect to it, must be primarily litigated therein, and that when its jurisdiction has attached, no other court can interfere for the purpose of adjusting any claims with respect to the property assigned, or of administering the insolvent's estate, except, perhaps, that under special circumstances a court of equity may intervene to prevent a failure of justice.

The foregoing is taken almost *verbatim* from the opinions in the cases cited, and is believed to show the full extent to which the courts have yet gone in reference to the exclusiveness of the jurisdiction of the County Court under this statute.

It will be noticed that these holdings imply, as the fact was in the several cases, (1) that there was no question as to what was embraced in the assignment; (2) that the County Court was in actual possession of the property in controversy or its proceeds; (3) that the intervention of another court was sought by some creditor or claimant against the assignment

or some claim thereunder, and (4) that the proceeding if sustained, would have taken the property from the possession of the County Court, or overruled its order in relation thereto.

In such case the claimant must first litigate in that court because it is competent to grant him any relief, legal or equitable, that could be obtained in any other. Upon his petition it may in effect try the title or right to possession of real or personal estate, of whatever value, or the validity or priority of any alleged lien or other claim to or upon it. By means of its actual possession of the *res* and of its authority over the assignee in whom is the legal title, it is enabled to do whatever justice, as between the parties, may demand. Its judgment is enforced by personal order upon the assignee to do or refrain from or submit to whatever may be necessary to that end, as to deliver possession of property, real or personal, or to execute, cancel or surrender instruments in writing relating to it, as the nature of the case may require. Hence there is no necessity for an action of ejectment or bill in chancery, in another court, at the suit of the claimant. If the judgment is against him the conditions remain unchanged, and it is binding until duly reversed or vacated, because his petition has given the court the necessary jurisdiction over him and the statute confers it as to the subject-matter and the respondents claiming under the assignment.

But does it follow from its possession of these powers in such cases that it can, by virtue of this statute in any case, render a judgment in ejectment or decree in equity, or make any order affecting one who is neither a party to nor claiming under the assignment and touching any property or interest which he does not concede to be embraced in it, and also in the possession of the court? If so, its jurisdiction in such case must be exclusive. But that it is not would seem to be clear from the provision in Sec. 11 of the statutes, which expressly authorizes the assignee " to sue for and recover everything belonging or appertaining to said estate, real or personal," the suits here contemplated being evidently to be brought against just such parties, claiming and holding ad-

versely, in any courts having jurisdiction under the general law.

If it be true that appellants, by petition to the County Court for an order upon its assignee to sell subject to their claim, or to reserve enough of the proceeds for their indemnity, might have given it jurisdiction to determine this controversy, still they were not bound to do so. Nor have they sought the intervention of another court. This bill was filed *in invitum*, by the assignee and certain of the creditors. It shows that the defendants are not parties to nor claiming under the assignment, that they hold an apparent though a contingent incumbrance upon a large portion of the real estate assigned, by what purports to be a prior and valid deed that is of record; that this deed is really void, but nevertheless a cloud upon the title of the assignee, which, if it remains, must greatly injure his sale and by consequence the interests of the creditors. His duty was to do what he reasonably could to bring the property to sale under the most favorable conditions, and therefore to have this cloud removed. Goodwin v. Mix, 38 Ill. 115; Burrill on Assignments, Sec. 408.

But the position of the defendants was like that of parties in adverse possession of property described in the assignment, so that, as respects their interest or claim, the jurisdiction of the County Court under this act had not attached. And if it had, for any purpose, it was at least doubtful whether it could grant the proper and needed relief by canceling the deed of trust. He therefore filed this bill in another court whose powers under the general law is confessedly ample, and since a dollar saved to the estate is a dollar recovered for it and a suit was necessary to save it, we hold this to be one that is fairly within the letter and spirit of the provision in Sec. 11 above referred to.

The case here differs from those cited in the four particulars above mentioned and is analogous in principle to that of Preston v. Spaulding, 18 Ill. App. 350–1, where the assignee and a creditor sought to have declared void, as amounting to preferences, certain judgments confessed by the assignor

on which executions had been issued and were claimed to be liens upon the property assigned, and to enjoin the Sheriff from making sales, and the jurisdiction of the Circuit Court, upon question made and argument had, was fully sustained.

Here the County Court itself invokes its exercise, and if the relief sought should not be granted, the denial will work no change in its possession or control of the estate assigned·

We are of opinion that the Circuit Court erred in sustaining the demurrer and dismissing the bill. The decree will therefore be reversed and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*