LINDAUER BROTHERS & CO. ET AL.

v.

SAMUEL LANG ET AL.

</div>

*Insolvency—Fraudulent Judgments—Bill Filed by Creditors—Juris-*
*diction of Circuit Court—Sheriff—Injunction.*

1.   Where the assignee refuses to institute proceedings to protect the
trust property, a court of equity has jurisdiction of a bill filed by a creditor
of the insolvent to set aside fraudulent judgments and to restrain the
sheriff from paying over the proceeds of a sale to the judgment creditors.

2.   The exclusive jurisdiction of the County Court in matters of insolv-
ency does not extend to a proceeding to remove a cloud from the title to
property claimed to belong to the insolvent's estate.

<div align="center">[Opinion filed October 3, 1888.]</div>

IN ERROR to the Circuit Court of Scott County; the Hon.
CYRUS EPLER, Judge, presiding.

Messrs. J. M. Riggs and Thomas H. Devine, for plaintiffs in error.

Messrs. James A. Warren and Morrison & Whitlock, for defendants in error.

Pleasants, J.  The bill filed herein to the April term, 1886, of the Circuit Court for Scott county by plaintiffs in error, alleges that on the 4th day of January then last past, the defendant, Samuel Lang, a merchant of Winchester in said county, having on hand a large general stock of merchandise, but indebted beyond his ability to pay, in contemplation of a general assignment for the benefit of his creditors under the statute, and while his deed of assignment was in course of preparation, confessed judgments in vacation in said Circuit Court, in favor of John P. Adams, Philip Warner and Leopold Kaiser, respectively, each for over $1,500; that said judgments were not based upon any *bona fide* indebtedness, but were fraudulently manufactured to cheat his real creditors; that under executions issued thereon the sheriff on the same day levied upon the entire stock and afterward sold it, still holding the proceeds; that on the day following Lang executed a deed of assignment of all his property for the benefit of his creditors; that the assignee afterward, on the 26th of February, agreed with said sheriff that he might sell under said executions and hold the proceeds to abide the event of a proceeding to try the right of property which had been commenced by said assignee as claimant, by which agreement said assignee limited himself in said proceeding to the single question whether judgments confessed only the day before the execution of the deed of assignment could have priority over it, and precluded himself from questioning the validity of said judgments; that said judgments and all proceedings thereunder are a fraud upon the *bona fide* creditors of said Lang, and are the result of a scheme deliberately contrived and entered into by him with said Adams, Warner and Kaiser, for the purpose of cheating them out of their just demands against him; that although requested, said assignee refuses to

take any steps to test their validity; and that complainants are creditors, respectively, of said Lang, and propose to take under said assignment. It makes said Lang, Adams, Warner and Kaiser, with the sheriff and the assignee, parties defendant, and besides general relief, prays that said judgments be set aside and declared void; that the sheriff be required to turn over said proceeds to said assignee, and for an injunction to restrain him from paying them to the plaintiffs in said executions.

A preliminary injunction having been awarded by the master, the sheriff moved to dissolve it for want of equity on the face of the bill, and for insufficiency of the bond. The other defendants (except the assignee, who, though served with process, paid no attention to it and took no action) demurred to the bill, assigning for causes that it does not show that either of the complainants had obtained judgment against Lang or had any lien on his property, and that the matters therein set up are wholly cognizable in the County Court. Both the motion and the demurrer were sustained, the injunction dissolved, and, after awarding damages to the sheriff on suggestion filed, the bill dismissed for want of equity.

We think the action of the Circuit Court erroneous throughout. This was in no sense a creditor's bill. It showed these judgments were in fraud of the trust created and declared by the assignment, which was all the security complainants had for their claims against the assignor, and that the trustee refused to do his plain duty with respect to it. The County Court had no jurisdiction of the matter under the statute relating to general assignments, because it had no possession of the property in question, which was held by the sheriff adversely to the assignment, in the interest of parties who had not submitted, and who, under the circumstances, could not otherwise be subjected to such jurisdiction. Hanchett v. Waterbury, 115 Ill. 220; Second Nat. Bank of Danville v. English, 21 Ill. App. 317, and cases there cited.

The proceeding for the trial of the right of property under the power given to that court by another statute, and the agreement in respect thereto mentioned in the bill, could not

Lindauer Bros. & Co. v. Lang.

give to it such jurisdiction. By that proceeding, independent of the alleged limitation in said agreement, the assignee admitted the validity of the executions. Thompson v. Wilhite, 81 Ill. 356. And we apprehend that the County Court could not of its own motion, on such a trial, nullify a judgment or process of the Circuit Court which was regular on its face. The assignee further admitted that the goods levied on were, at the time of such levy, the property of the defendant in said executions; for his own claim of property was based wholly on a conveyance from him, of the day after. What benefit he could have expected to receive from that proceeding, with these admissions, we are at a loss to conjecture.

The intervention of a court of equity was therefore indispensable to the protection of complainants' rights under the assignment, and the assignee refusing, they could proceed in their own names to invoke it. Preston v. Spaulding, 120 Ill. 214 *et seq.;* S. C., 18 Ill. App. 349 *et seq.;* Second Nat. Bank v. English, *supra.*

We are further of opinion that the averments of the bill warranted the injunction against the sheriff. There was no need to charge him with fraud. It was enough that he was being the instrument, however innocent himself, to execute the fraudulent purpose of others. If the injunction bond which the master had approved was defective, or for any reason insufficient, opportunity should have been offered to complainants to file a proper one.

The decree will be reversed and the cause remanded for further proceeding in conformity herewith.

*Reversed and remanded.*