# William Deering & Co.

## v.

## Leroy Washburn, Sheriff.

*Chattel Mortgages—Sale of Mortgaged Goods for Benefit of Mortgagee and with His Consent—Fraud—Replevin.*

1. Where it is agreed between the mortgagor and mortgagee in a chattel mortgage at the time the same is made, that the mortgagor may sell at retail in the usual course of business and at its market value any of the property covered, the entire proceeds of such sales to be turned over to the mortgagee and the amount credited on the indebtedness to secure which the mortgage was given, such understanding or agreement renders the mortgage fraudulent in law and void as to creditors.

2. The contrary seems to be the case when the agreement is made *subsequent* to the giving of the mortgage.

## [Opinion filed February 26, 1891.]

Appeal from the Circuit Court of Fayette County; the Hon. James A. Creighton, Judge, presiding.

The action is replevin brought by appellant to recover some cultivators, plows, wagons and corn-planters from appellee, the sheriff of the county, who had levied upon the chattels by virtue of an execution in favor of Walter A. Wood Mowing & Reaping Company against one R. H. Miller. The case was tried upon an agreed statement of facts, which is as follows: That on the first day of February, 1889, one R. H. Miller, of Vandalia, in this county, was indebted to plaintiff in the principal sum of $1,498.26, with interest, evidenced by his note, payable to plaintiff, dated January 30, 1888, due October 1, 1888, drawing eight per cent interest per annum from date, on which note nothing had been paid. That on said 1st day of February, 1889, the plaintiff, for a valuable consideration, agreed with said R. H. Miller to, and did on that day extend the time of payment of said note to October 1, 1889. That on said 1st day of February, 1889, the said R. H. Miller executed, acknowledged and delivered in proper form

a chattel mortgage to plaintiff to secure the payment of said note and interest, which chattel mortgage was on February 1, 1889, duly entered on justice peace docket in the township where said Miller resided, and filed for record and recorded in book 76, at page 416 of records, in this county. That the property described in said chattel mortgage included all the property in controversy, together with some other property. That at the time said chattel mortgage was made, and during the summer of 1889, and up to September 27, 1889, said Miller was engaged in selling hardware and agricultural implements at retail, and by virtue of an understanding entered into between said Miller and plaintiff at the time of executing and delivering said chattel mortgage, said Miller sold a portion of the property described in the chattel mortgage at retail in his usual course of business and at its market value, and the entire proceeds of such sales made by said Miller, amounting to $425, were turned over to plaintiff by Miller in full of proceeds of sales, on November 14, 1889, and were on that day duly credited by plaintiff on said Miller's note, secured by said chattel mortgage. That at the time of making said chattel mortgage, and understanding that Miller might sell a portion of said property, it was further agreed between plaintiff and said Miller, that said Miller should have no beneficial interest in such proceeds, except the right to have them credited on said note, and should retain no portion of such proceeds whatever, but should make such sales with the consent of plaintiff and for plaintiff's sole and exclusive benefit, except that the proceeds were to be credited on said Miller's note; and that said Miller did surrender to plaintiff the entire proceeds of said sales, and retained no portion whatever, and plaintiff gave said Miller credit on said note for the full amount of said sales. That at the time of giving said chattel mortgage the property was in said Miller's warehouse at Vandalia, Illinois, with other property Miller had for sale in his regular business (which warehouse was separate and distinct from Miller's salesroom and some two blocks distant therefrom), and remained until this replevin was brought, except such portion as was sold by Miller, and the portion sold by Miller remained in said ware-

house until sold. That on the 27th day of September, 1889, the Walter A. Wood Mowing & Reaping Machine Company obtained a judgment in the Circuit Court in this county against said Miller for $3,547. That on September 27, 1889, an execution was issued on said judgment, and on the same day said execution was placed in the hands of the defendant, who was then and there sheriff of said county, to execute, and the defendant on said September 27, 1889, before plaintiff's chattel mortgage was due, indorsed on said execution a levy of the property described in plaintiff's declaration, and other property in the same warehouse, but did not remove the same to any other building, but locked it up in the same building and retained possession of the key to the building. That on the 30th day of September, 1889, before plaintiff's chattel mortgage was due, it demanded of the defendant the possession of the property mentioned in the plaintiff's declaration, and the defendant refused to deliver the possession thereof.

Either party shall have the right to introduce at the trial the note and record of said chattel mortgage, to be considered in connection with the foregoing facts, and in addition thereto, without making proof of the loss of the original mortgage.

The note and the record of the chattel mortgage were introduced in ev'dence by appellant, the plaintiff below. The Circuit Court found for the defendant, and the plaintiff brings the case to this court by appeal.

Messrs. Cox & WILLS for appellant.

Messrs. JOHN A. BINGHAM and WOOD BROS., for appellee.

REEVES, J. The contention of the appellant is clearly stated in this language: "An agreement in or outside a chattel mortgage, whereby the mortgagee authorizes the mortgagor to sell a portion of the property covered by the chattel mortgage, for the sole and exclusive benefit of the mortgagee in payment of the debt secured, the mortgagor to have no beneficial interest in the proceeds of sale, does not vitiate the mortgage *per se*, as between mortgagee and third parties, but

Deering & Co. v. Washburn.

if entered into in good faith and honestly carried out, will be upheld." The case of Goodheart v. Johnson, 88 Ill. 58, is cited in support of the proposition submitted. It must be conceded that on first reading, the opinion in this case seems to support the proposition of appellant. However, it will be noted that the permission given by the mortgagee to the mortgagor to sell a portion of the mortgaged property, and turn over the proceeds to the mortgagee, was not given at the time the mortgage was made. Hence, the mortgage when made was a valid one. The court held that the subsequent arrangement by which consent was given by the mortgagee to the mortgagor to sell the property at public or private sale, the proceeds of such sale to go to the mortgagee, did not make the mortgage fraudulent in law and void as to creditors. The fact of such consent taken in connection with the sales made in pursuance of such consent, the court say, might rightfully be considered in determining the question whether the mortgage was originally made to hinder and delay creditors. In this case it was agreed that at the time the chattel mortgage was made, there was an understanding by which Miller was to sell at retail in the usual course of business and at its market value any of the property mortgaged, the entire proceeds of such sales to be turned over to the mortgagee and the amount credited on the indebtedness to secure which the mortgage was given.

As we understand the decisions of our Supreme Court, such an understanding or agreement entered into at the time the mortgage is made renders the mortgage fraudulent in law and void as to creditors. Davis v. Ransom, 18 Ill. 396; Barnet v. Fergus, 51 Ill. 354; Dunning v. Mead, 90 Ill. 376; Greenebaum v. Wheeler, 90 Ill. 296; Huschle v. Morris, 131 Ill. 587. The exhaustive argument furnished us by appellant's counsel, urges with much force and reason in favor of sustaining the validity of the mortgage in question, fortified by the decisions of the courts of last resort of other States; but in the face of the decisions of the Supreme Court of this State we feel compelled to hold that the decision of the question by the Circuit Court was correct. The judgment of the Circuit Court is affirmed. *Judgment affirmed.*