### William W. Taylor v. Oscar P. Thurber.

1. SALES—*Delivery of Purchaser's Property.*—While the general rule is that there must be a delivery of the property sold to make the sale effective as to execution creditors, yet a manual change of possession is not absolutely required where the property is of such a heavy and bulky nature as to render its immediate removal impracticable.

Replevin.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

SNOW & HINEBAUGH, attorneys for appellant.

CLARENCE GRIGGS, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of replevin by appellee to recover possession of 70,000 brick in kiln in the brick yard of Grant, Robson & Co. which has been levied upon by appellant, as sheriff of La Salle county, under an execution in favor of Mac. J. and James Killelea and against Grant Robson & Co., dated November 2, 1894.

Appellee claimed the brick by virtue of a purchase made October 8, 1894. The only question involved is : Was there, before the levy of the execution, a sufficient delivery of the brick ?

On the date of the purchase appellee, who was engaged as contractor in the construction of a school house at Marseilles, situated about three-fourths of a mile from the brick yard, made a contract with O. S. Grant, manager of the firm of Grant, Robson & Co., for the purchase of all the brick in the kiln at $6 per thousand. It was not definitely known how many brick were in the kiln but they were to be counted as they were unloaded at the school house yard. There were a number of outstanding claims against the firm and it was agreed that payment of them should be made out of the purchase price of the brick. While the brick were being hauled appellant, on the 16th, 19th and 20th days of October, accepted four orders covering such claims aggregating $555.03.

The brick at the purchase price amounted to $597. Forty-four thousand, seven hundred and twenty-five of the brick were delivered at the school house yard before the execution issued.

We think the purchase was complete and there was such a transfer of title of all the brick in the kiln to the purchaser as to render them free from execution levy.

When the purchase was made appellee took all the possession that the ponderous character of the property would

permit. While the general rule is that there must be a delivery of the property sold to make the sale effective as to execution creditors, yet a manual change of possession is not absolutely required where the property is of such a heavy and bulky nature as to render its immediate removal impracticable. Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland et al., 84 Ill. 471.

This case falls within the class mentioned.

Judgment affirmed.