## E. W. Davis v. M. T. Shepherd.

1. SALES—*Of Growing Crops—Delivery of Possession—Fraud.*—The sale of a growing crop standing in the field, where the possession is permitted to remain with the vendor, is fraudulent *per se,* and void as to creditors and subsequent purchasers.

**Trial of the Rights of Property.**—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

E. J. MILLER, attorney for appellant.

JOHN R. & WALTER EDEN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Execution having been issued from a court of record against Ira Ballard in favor of appellee it was levied by the sheriff upon the undivided half interest in forty-five acres of corn standing in the field, the other half belonging to the landlord whose tenant Ballard was. Appellant claiming to own the property by purchase from the tenant gave to the sheriff notice in writing of such claim and intention to prosecute the same as provided by statute, and trial by jury in the County Court resulted in a verdict and judgment in favor of the claimant, from which appellee prosecuted his appeal to the Circuit Court, in which a trial by jury resulted in the court directing a verdict against appellant, and the court having given judgment accordingly, he brings the case to this court by appeal, and assigns such action of the trial court for error, whereby a reversal of such judgment is sought.

There is no conflict in the evidence, nor as to what it proves. Ballard, as a tenant of the owner of the land, raised the corn, one-half to be his and the other as rent to the owner of the land. Appellant bought the corn at twenty-five cents a bushel, if Ballard hauled it, and twenty-three cents a bushel if he did not haul it. The quantity was estimated at from 700 to 900 bushels, and appellant paid Ballard by check $75 and gave him credit with store and lumber account for $85, and the total price was to be determined when the corn was marketed. Ballard had the privilege of feeding out of the corn four head of horses and a lot of hogs, which, from time of the sale to the time of the levy of the execution he did. Appellant wrote three notices of his purchase, which Ballard posted upon the premises, but never went to the corn, or assumed other possession or control, and in all other respects the corn

remained, in its relation to Ballard, as it did previous to the sale. The corn had not been divided between Ballard and his landlord, and the duty remained for the tenant to perform. Upon these facts the court, at request of appellee, instructed the jury to find the issues in his favor, and it is now insisted by appellant the court erred in this regard, which is the only question presented for our decision.

In support of his position counsel for appellant insists that a sale of a growing crop, standing in the field, is complete when the contracting parties so intend it, and no manual delivery of possession can or need be made, for when the sale is complete both title and possession passes, and numerous authorities are cited to sustain this insistence.

The cases of Meinke v. Nelson, 56 Ill. App. 270, and Bull v. Griswold, 19 Ill. 633, cited by counsel in his brief, were cases in which the controversies were between the parties to the respective contracts themselves, and as to such parties no doubt can be entertained the sale would be valid and effective, for it is only where some creditor or subsequent purchaser intervenes that the question before us for judgment arises, which is not a question of fraud in fact, but of fraud *per se*. The case of Graff v. Fitch, 58 Ill. 375, also cited and relied upon by appellant, is easily distinguished from the case presented, for in that case the sale was not for an undivided interest, yet to be set apart, but for a part of a field of standing corn, where there was nothing to be done to identify the property, or to designate it from any common mass with which it was mingled. The subject of the sales was specific, and not indeterminate. It was a part of a field of corn which was marked off and separated from the rest of the field by a visibly marked boundary, the parties in that case having together gone to the corn field and cut off the tops of one row to a considerable distance, so there might be no mistake about the corn which Graff was to have. In Thompson v. Wilhite, 81 Ill. 356, the wheat had been cut down and all the possession taken that was possible. Ticknor v. McClelland, 84 Ill. 471, is to the effect that in case of a sale of standing crops, the pos-

session is in the vendee until it is time to harvest them, and until then he is not required to take manual possession of them. But in the case under consideration it was intended by the parties, at the time the sale was made, that the vendor should, and he did, retain possession for the purpose of feeding his own stock, and later to gather, harvest, divide and deliver the corn. Besides, it does not appear but the corn was ready to harvest at the time the sale was made. Numerous other cases are cited to the effect that where goods are ponderous and incapable of being handed from one to another there need not be a manual delivery, which rule it may be conceded is so firmly established as to be elementary law, but can have no application to this case, for the reason that it was not the intention of the parties that appellant should have all the possession of the corn of which it was possible, but the opposite was manifested by the facts that the tenant was to gather and divide the corn between himself and his landlord, and should further retain possession and dominion of the property that he might thereby be permitted to feed as much of it as he chose to his stock, all of which he did, whereby it was clear there was no apparent change in the possession of the property, and none was intended, even to the extent to which its nature was susceptible.

So the case settles itself upon the clear principle of the law as stated in Rosier v. Williams, 92 Ill. 187, where the court say it has been the settled law of this State, ever since Thornton v. Davenport, 1 Scam. 297, that all sales of chattels where the possession is permitted to remain with the vendor are fraudulent *per se*, and void as to creditors and subsequent purchasers, unless the retaining possessions be consistent with the deed.

Upon the facts in the case the conclusion of the law was that the sale by Ballard to appellant was as to appellee fraudulent *per se*, and nothing remained for the jury to try, and it was proper for the court to instruct the jury accordingly, as it did, and its judgment will be affirmed.