## R. K. Byerly, Appellee, v. Wilbur Jones and John White, Appellants.

1. Property, § 11*—*when standing corn is personal property.* Corn standing in the field after it has matured and before it has been husked is personal property.

2. Sales, § 433*—*when subsequent purchaser of corn entitled thereto in replevin as against a prior purchaser.* In replevin against two defendants to recover the possession of standing corn alleged to have been sold to plaintiff by a tenant prior to the execution of a bill of sale thereof by the tenant to a third person who had placed one of the defendants in possession and had afterwards executed a bill of sale to the other defendant, refusal of court to give a peremptory instruction for defendant *held* error, the plaintiff never having taken possession of the corn, but wholly relied upon plaintiff to husk and deliver it, and the defendants having taken possession under the bill of sale which was bona fide and executed without any knowledge of plaintiff's claim.

Appealed from the Circuit Court of Vermilion county; the Hon. William B. Scholfield, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

CHARLES TROUP, for appellants.

A. B. DENNIS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellee was a grain buyer operating an elevator at Catlin, Illinois. He claims to have purchased from Charles R. Fuller, a tenant on a farm belonging to Arthur Findley, twenty acres of corn at a price of fifty cents per bushel. He further contends that Fuller had been authorized by his landlord, Findley, to sell the entire field of corn and divide the money, and that he paid Fuller one hundred and eighty dollars on his share of this corn at various times after he bought the corn. At the time of the purchase of the corn by appellee from Fuller the corn was standing in the field unhusked, and it was part of the agreement that Fuller was to husk the corn at the proper time and deliver it to appellee at his elevator at Catlin. Fuller delivered to appellee in all four loads of this corn. Fuller was indebted at that time to the Danville National Bank, and he also owed a rent note which was in the hands of George H. Milemore, and he executed to one Ralph B. Holmes, trustee, a bill of sale of all of his property for the stated consideration of twelve hundred dollars. Upon the execution of this bill of sale, Holmes, as trustee, took possession of all the property described therein, including, the corn standing in the field and unhusked, and placed the property in the possession of one Wilbur Jones, one of the appellants herein; Holmes trustee, afterwards executed a bill of sale to John White, appellant herein.

Appellee replevined the corn, making White and Jones defendants in the replevin suit. He recovered a judgment below and appellants appealed therefrom.

The facts in this case are not disputed so far as they in any way materially affect the rights of the parties herein, and as a consequence thereof the only question

involved is one of law. Although appellee made the first attempt to purchase the property from Fuller, the corn was then matured in the field and only needed to be husked to be delivered, and it was therefore personal property. Appellee never in any way attempted to take possession of this corn, but relied wholly upon the promise of Fuller to husk and deliver it to him and he was not to have possession until it was so delivered to him at his elevator in Catlin. Holmes, on the other hand, as soon as he obtained a bill of sale for this property reduced it to possession; he had no notice whatever of any interest that appellee claimed to have therein by reason of the pretended purchase by him. The sale to Holmes and from Holmes to White were bona fide sales without any knowledge whatever of the claim of appellee, and they having reduced their purchase to possession and secured absolute control over the property are the owners of that property as against appellee in this replevin suit. The trial court should have given the peremptory instruction to the jury as requested by defendants; to refuse it was error. *Davis v. Shepherd,* 87 Ill. App. 467.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*