## DAVID H. HARTS AND STEPHEN A. FOLEY

## v.

## JAMES S. JONES AND JAMES A. EMMONS.

*Sales—Fraud—Possession Retained by Vendor—What Amounts to, Change of Possession.*

1. An absolute sale of personal property which is capable of removal, but which is not removed from the possession of the vendor, is fraudulent as against creditors and subsequent purchasers, although made in good faith and for an adequate consideration.

2. This rule is held to apply to a lot of corn plows separated from the vendor's stock, and also to another lot so separated and placed in a separate building rented for the purpose, but remaining under his control.

[Opinion filed August 26, 1886.]

Harts et al. v. Jones et al.

APPEAL from the Circuit Court of Logan County ; the Hon. G. W. HERDMAN, Judge, presiding.

Statement by CONGER, J.  In the fall of 1884 Harts and Foley contracted with Jacob Mangas to construct for them 100 corn plows at $15.50 each, $9 to be paid in cash and $6.50 to be credited on the account Mangas owed them, such payments to be made as the plows were completed.  Payments were made from time to time as the plows were completed.  Some time in the spring of 1885 Mangas told appellants that the plows were in his way and he was told by Harts to rent a building called the Primm Building, which stood just across the alley running in the rear of the lot on which Mangas' shop stood.  Mangas rented such building, but says he does not know that he told Primm at the time for whom he was renting.  Seventy of the plows were completed, except they were not put together and had no shovels, and in such condition were stacked up in the Primm building.  The other thirty had no shovels and lacked one coat of paint, which Mangas was to put on when the plows were sold or shipped, and in that condition were stacked up on the back end of Mangas' lot in a separate row or stack from any others, although there were other plows of a similar character on the back end of Mangas' lot near to those in controversy.  Mangas says he remained in control of the Primm building and went in and out of it.

About the last of February, 1885, Mangas notified appellants that the plows were completed, when they went to his shop, went into the Primm building, counted the plows there, seventy in number, and thirty outside on the rear end of Mangas' lot, and settled with Mangas in full for the 100 plows.

For about three weeks in April and May, 1885, Mangas, by the authority of appellants, sold eighteen of these plows, taking notes (when cash was not paid) in his own name, and afterward assigning them to appellants.  Appellants and Mangas testify that after the settlement in February the plows were considered by all of them to be the property of appellants.

While the property was in this condition appellees levied

upon it as the property of Mangas by virtue of executions against him, and appellants seek to recover the property by writ of replevin.

· The Circuit Court found that the property was liable to the debts of Mangas and that no sufficient delivery had been made to enable appellants to hold the property as to creditors of Mangas.

. Mr. E. E. M. COCHRAN, for appellants.

Under a contract of sale, where nothing remains to be done on the part of the seller, in the way of ascertaining, appropriating, or delivering the property sold, the title to it, independently of the Statute of Frauds, immediately vests in the buyer, unless it can be shown that such was not the intention of the parties.    Townsend v. Hargraves, 118 Mass. 325; Lester v. East, 49 Ind. 588; Terry v. Wheeler, 25 N. Y. 520; Marble v. Moore, 102 Mass. 443; Thorndike v. Bath, 114 Mass. 116; Arnold v. Delano, 4 Cush. 40.

The evidence clearly shows that appellants' plows were separated from all other plows, seventy of them being placed in a separate building rented by appellants, across the alley from the lots occupied by Mangas, and thirty tongues with axle attachment were stacked up in a row on the back part of Mangas' lots, near the Primm building.   What better evidence could be offered to show the intention of the parties to vest the title in the appellants than counting, examining, receiving, separating and paying for the property?   See Straus v. Minzesheimer, 78 Ill. 492, and cases there cited.

The appellants had the right, after they had taken possession of the plows and paid for the same, to employ Mangas to sell the plows for them, without thereby subjecting them to a lien in favor of the creditors of Mangas.  Wright v. Grover, 27 Ill. 426.

The putting on of one coat of paint on a part of the plows had nothing to do with the determining the number, quality, identification, price or possession of the chattels, as all of that had been done before, and nothing remained to be done toward the completion of the contract.   Shelton v. Franklin, 68 Ill. 333; Bertelson v. Bower, 81 Ind. 512.

Messrs. BEACH & HODNETT, for appellees.

Even if, as between the vendor and vendee, the title to personal property has passed to the vendee, still there must be an actual delivery of the possession of the property to the vendee, and it must be removed, if capable of removal, to bind subsequent purchasers, or execution or attachment creditors. Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Ill. 471 ; Thompson v. Yeck, 21 Ill. 73 ; Curren v. Bernard, 6 Ill. App. 341; Lewis v. Swift, 54 Ill. 436; Thornton v. Davenport, 1 Scam. 296 ; Kitchel v. Bratton, 1 Scam. 300 ; Richardson v. Rardin, 88 Ill. 124; Updyke v. Henry, 14 Ill. 378 ; Burnell v. Robertson, 5 Gilm. 282 ; Lafever v. Mires, 81 Ill. 456.

The title to personal property does not pass to the purchaser, as between vendor and vendee, by virtue of the contract, until the contract is completed and nothing remains to be done under the agreement. Schneider v. Westerman, 25 Ill. 514 ; O'Keefe v. Kellogg, 15 Ill. 347; Frost v. Woodruff, 54 Ill. 155.

CONGER, J.  We are inclined to think there was not such a delivery of the plows in question as would pass the title to appellants, as  to the creditors of Mangas. " Any absolute sale of personal property which is of such a character as to be capable of being removed, where it remains with the vendor, is fraudulent in law as to creditors and subsequent purchasers, notwithstanding the sale may be in good faith and for an adequate consideration." Thompson v. Welhite, 81 Ill. 356 ; Ticknor v. McClelland et al., 84 Ill. 471.

The property was all capable of removal, and of being placed where no one would be misled as to the transfer of possession from Mangas to appellants. As we understand  the rule *supra*, it means a removal which shall be visible and apparent to the world—one that shall apprise the public that there has been a change of possession.

Had the possession and control of the Primm Building been clearly in appellants, or some third party, the case would have been different.  While Mangas and the appellants testify that

such building was rented at their request, and doubtless as be-tween themselves was so understood, yet, in fact, Mangas remained in control of it and there was nothing to apprise the public of anything to the contrary.

The same may be said of the plows stacked upon the rear end of Mangas' lot. To Mangas and the appellants their separation from the other plows might be quite apparent and sufficient for their purpose but it would not apprise strangers of any change of ownership or possession.

We think the judgment of the Circuit Court was right and it will therefore be affirmed.

*Affirmed.*