## P. GILLETTE ET AL.

### v.

## GIDEON STODDART AND J. S. HARLEY.

*Sales—Fraud—Want of Change of Possession—Remedies—Creditor's Bill—Receiver.*

1. A transfer of a stock of goods without an obvious change of possession, is fraudulent as to creditors.

2. In the case presented, it is *held:* That executions might have been levied on the goods; and that the evidence did not warrant the decree against the corporation which claimed the goods.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. ARTHUR B. CAMP and GRANT NEWELL, for appellant.

"An insolvent debtor may sell his property, and if the transaction be an honest one, in good faith, and for an adequate consideration, it matters not how many creditors may

thereby be prevented from reaching the property." Wood v. Shaw, 29 Ill. 444; Miller v. Kirby, 74 Ill. 242; Waddams v. Humphrey, 22 Ill. 661.

"And if the motive of an act may be traced to an honest and legitimate source equally as well as a corrupt one, the former should be preferred." Bowden v. Bowden, 75 Ill. 147; McConnell v. Wilcox, 1 Scam. 344.

"To impeach the sale of personal property, it is necessary to show that both vendor and purchaser participated in the fraud." Brown v. Riley, 22 Ill. 46; Myers v. Kinzie, 26 Ill. 36; Gridley v. Bingham, 51 Ill. 153; Bowden v. Bowden, 75 Ill. 143; Ewing v. Runkle, 20 Ill. 449; Herkelrath v. Stookey, 63 Ill. 487.

"Fraud against creditors in a transfer of the debtor's property can not be presumed, but must be proved." Hatch v. Jordan, 74 Ill. 414; Wright v. Grover, 27 Ill. 430.

Delivery being complete, at least to the Western Harness Company, before the judgments were obtained by the complainants, they can not avoid the sale, or complain of any constructive fraud, and only of fraud in fact. Cruikshank v. Cogswell, 326 Ill. 368; Shove v. Farwell, 9 Ill. App. 256.

Messrs. MILLER, LEMAN & CHASE, for appellees.

If it were conceded that McGuffin acted, in taking possession, under the order and on behalf of the assignees, Ida H. and M. M. Gillette, the evidence shows that there was no such substantial and exclusive change of possession on these transfers as was necessary. Thompson v. Yeck, 21 Ill. 73.

There was no change of sign; but the same sign which the debtor had used since starting the business remained out, and has never been changed. P. Gillette, the assignor and debtor, continued to be around the store during the alleged possession of McGuffin, and retained his key to the store. McGuffin had previously been in Gillette's employ as "general clerk," and had the same line of duties to perform as the acts done by him during the time of his alleged possession. The business went on as usual during McGuffin's alleged possession, but it was entered in the same books of the debtor, Gillette, in

Gillette v. Stoddart.

which his prior business was entered.    There was, so far as shown, no discharging of employes by Gillette on selling out, nor any hiring by McGuffin or the Western Harness Company on buying the business; nor any change in the relation of employer or employes on account of the transfer, as would naturally occur if it was actual and *bona fide*.    The property came right back into the possession and control of the debtor, Gillette, and the business has been run by him.

There is nothing in this so-called transfer or in the way it was carried out, to apprise the world of it.    So far as appearances go, so far as the conduct of this business is concerned, and so far as the public, who may deal with this concern, can see, there is no change whatever in the business.    It is in all respects, since these transfers, the same business, conducted by the same man, in the same place, under the same business name and sign, and in the same way, and for his own benefit, precisely as before these transfers were made.

MORAN, J.    This is an appeal from a decree of the Superior Court, finding that certain goods, which appellants claim had been in good faith and for a valuable consideration assigned by said P. Gillette to said Ida H. and M. M. Gillette, and by said last named parties to said Western Harness Company were the goods of said P. Gillette and liable for his debts, and ordering said goods to be turned over to a receiver appointed by the court in a proceeding by creditor's bill.

We are not disposed to enter upon a discussion of the evidence as to the question whether any actual fraud was perpetrated or intended in the transfer from P. to Ida H. and M. M. Gillette.    Such discussion would serve no useful purpose, as we should be obliged to sustain the decree of the court below in applying the goods to discharge the judgments against P. Gillette upon the ground that no sufficient delivery of the goods from him to Ida H. and M. M. Gillette or to the Western Harness Company is shown to have been made.    There was no change of possession of the goods at the time of the alleged assignment.    The debtor, Gillette, remained at all times in the visible possession of the store and the stock, and

the signs under which he had been carrying on the business for himself continued unaltered upon the store front. Under such circumstances the goods were at all times subject to an execution against P. Gillette.

Possession of personal property is one of the strongest indications of ownership, and in order to make any assignment or transfer of such property effectual as against creditors, there must be an obvious change of possession, one that is observable, or, as it is sometimes expressed, *visible;* such that the appearances would indicate to an observer that there had been a change. Weeks v. Prescott, 53 Vt. 57.

Unless such visible change of possession accompanies the transfer or sale, the same is void *per se* as to creditors. Thompson v. Yeck, 21 Ill. 73.

Appellees need not, therefore, have filed their bill, but could have levied their executions on the goods in the hands of the judgment debtor. The court granted relief on the bill, the question as to jurisdiction not having been raised, and the decree must be affirmed so far as it finds the title to the goods in said P. Gillette, and directs the disposal thereof by the receiver. We are of opinion, however, that there is nothing in the record which warranted the court in entering a judgment against the Western Harness Company for $5,000 or for any other sum. The claim on the part of that corporation that the goods had been transferred to it, did not authorize a judgment against it for the value of the goods.

The utmost extent to which it could be held would be to account for the goods and pay for such as it had converted to its use, but there is no foundation in the evidence for even such relief against it, for it is not shown that any of the goods were disposed of by said corporation. So much of the decree as gives judgment against the said Western Harness Company for $5,000 will, therefore, be reversed and the decree will be in all other respects affirmed.

The Western Harness Company will be allowed the costs of its appeal to this court.

*Reversed in part and affirmed in part.*