## WILLIAM O'LEARY
### v.
## STEPHEN BRADFORD.

*Replevin—Goods in Possession of Another under Bill of Sale—Practice
—Insufficient Abstract.*

1. A purchaser of personal property, in order to acquire title thereto as
against creditors and *bona fide* purchasers of the vendor without notice,
must reduce the property purchased to possession before the rights of such
creditors or purchasers attach thereto.

2. In the case presented, this court holds that the jury were justified in
finding that defendant had actual notice of the rights of plaintiff to the
property in question before the levy was made; that notice to the officer
holding the writs was notice to the attaching creditors, and declines to
interfere with the judgment for the plaintiff.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Marshall County; the
Hon. LAWRENCE W. JAMES, Judge, presiding.

Messrs. H. C. PETTITT and BARNES & BARNES, for appellant.

Messrs. EDWARDS & EVANS, for appellee.

UPTON, J. It must be conceded that the abstract filed in
this case is quite deficient, and falls far short of a compliance
with the rules of this court.

It does not appear therefrom what, if any, errors or cross-

errors have been assigned upon the record for which a reversal of the judgment of the trial court is here sought.

From the briefs and arguments of counsel we learn that this was a suit in replevin brought in the Circuit Court of Marshall County by appellee, to recover from appellant one stallion, two mules, two hundred bushels of millet seed and one cider press and fixtures, as the goods and chattels of appellee, who claims the property by virtue of a bill of sale to him given on the 14th of March, 1890, by S. G. Bradford & Bro., as security and indemnity to him for the payment of about $3,000 to various creditors of the above named firm, for which said indebtedness he had some time prior thereto become bound as security. That on the 18th of March, 1890, Clark & Sons caused an attachment to be issued in their favor against the goods and chattels of S. G. Bradford & Bro. for $188.42, which was on the same day placed in appellant's hands, and by him levied upon the property in question. On the 20th of March following, Newman & Ullman sued out an attachment against the same defendants for $71.10, which was on the day following its issue levied upon the same property by appellant as such constable and the property taken into the possession of appellant upon said attachments. Thereupon this suit was brought, as before stated, by appellee, and heard in the trial court with a jury. Upon that hearing appellee testified in substance that he was seventy-four years old; that on the 14th day of March, 1890, he got the property in question, and a bill of sale thereof was given him therefor; that he did not then remove it as he had no suitable place to keep it; that the consideration for such bill of sale was $3,000, which he had paid to the creditors of S. G. Bradford & Bro. a short time prior to the execution of the bill of sale, upon a part of which indebtedness he was, prior thereto, surety for said firm; that he obtained the money to make such payment by a mortgage of his, the appellee's, farm; that prior to the levy he had advertised the property in question for sale, and was in person present at the place where the property was kept, before and at the time appellant came there to make the levy; and before the

levy was made, or the property was taken by appellant, appellee notified appellant that the same was his property; that appellee claimed it as his own under his bill of sale, and forbade appellant from taking it, and appellant replied that he knew all about his " bill of sale," that it was not good, made the levy and took the possession of the property under the levy. This conversation between appellant and appellee was flatly denied by the appellant in his testimony before the trial court. The jury, however, chose to credit appellee's testimony upon that contention, and returned their verdict finding the right of the property in controversy in appellee, and the trial court, after overruling a motion for a new trial, gave judgment thereon, from which this appeal is taken.

No question is made, or error claimed, of the proceedings in the trial court, in allowing or rejecting evidence, or giving, refusing or modifying instructions to the jury asked by either party.

The only points raised or discussed by appellant's counsel are, first, whether the appellee's possession of the property in question, as shown by the evidence, was sufficient to vest the title thereto in appellee, as against the creditors of S. G. Bradford & Bro. and the appellant, as such constable; second, if it was not, was the evidence sufficient to enable the constable to justify the taking upon the attachment writs as an officer *de jure ?*

In the view we take of the case it will be needful only to examine the first of these points as stated.

The rule in this State is, that a purchaser of personal property in order to acquire title thereto as against creditors and *bona fide* purchasers of the vendor, *without notice*, must reduce the property purchased to possession before the rights of such creditors or purchasers attach thereto. Huschle v. Morris, 131 Ill. 593, and the cases therein cited.

It is clear, we think, that neither the attaching creditors nor the appellant holding the writs of attachment acquired any rights in or to the property in question until the actual levy of the attachment writs, and the jury have found the fact to be that appellant had actual notice of the rights of the appellee

to the property before the levy was made, and in fact knew that appellee had the sale bill thereof, and was then in the possession thereof, and notice to the officer holding the writs was notice to the attaching creditors therein named; and we are entirely satisfied with that finding, and we think it was fully supported by the evidence.

This view renders it unnecessary so examine the other point made upon this contention, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*