## A. M. HEWETT

### v.

## JOHN W. GRISWOLD.

*Fraudulent Sales—Corn in Crib.*

1.  As against creditors, sales of personal property by verbal contract may be deemed fraudulent and voidable, first, when the contract was entered into with fraudulent intent; second, when by the rules of law a fraudulent intent is presumed from the nature and character of the transaction. Of this latter class are sales made when there is no change, actual or constructive, of the possession of the property.

2.  If after a sale the property remains in the possession and control of the vendor as before the sale, the law conclusively presumes that the transaction is fraudulent as to creditors.

3.  When articles sold are cumbrous or ponderous, so that a removal is not practicable, it is not necessary that there should be an actual change of possession from hand to hand, but it is sufficient if the buyer assumes the control of the property in an open and notorious manner, and the seller is divested of every species of possession from which an inference of ownership might arise.

4.  Whether in such case all has been done that ought to have been done to constitute a delivery, is largely a question of fact to be determined by the jury under proper instructions.

5.  There is no difference in effect between a sale made with actual intent to defraud creditors, and one fraudulent in law. Notice of either is only notice of a fraudulent transaction not binding upon a creditor.

6.  In the case presented, this court holds, in view of the evidence, that there was no such change in possession of certain cribs of corn as the rules of law required, and that the sale thereof was fraudulent in law, and void as to creditors.

[Opinion filed January 30, 1892.]

APPEAL from the Circuit Court of Montgomery County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. J. C. McBRIDE and J. M. TRUITT, for appellant.

We admit that the general rule is sometimes stated, in cases where the question of notice is not involved, to be that an absolute sale of personal property susceptible of delivery, where

the possession is permitted to remain with the vendor, is fraudulent *per se* and void as to creditors and purchasers; but we insist that such is not the rule in cases where the creditors and purchasers have notice. The reason of the rule is that parties may not be deceived and defrauded by the apparent ownership, and a person having notice can not complain. Gradle v. Kern, 109 Ill. 557–564; Lewis v. Swift, 54 Ill. 436–7; Ketchum v. Watson, 24 Ill. 591; Thompson v. Yeck, 21 Ill. 73; Lapp v. Pinover, 27 Ill. App. 169; Curran v. Bernard, 6 Ill. App. 341; Huschle v. Morris, 131 Ill. 587–593.

"At all events, we are of opinion appellant having actual notice of the levy when he converted the property, is in no condition to complain that sufficient publicity was not given to it." Richardson v. Rardin, 88 Ill. 124–129.

Reverse the parties, and the above case will be on "all fours" with the case at bar.

And it is well settled that an actual removal of an entire mass of a cumbrous article (as a crib of corn) is not necessary to constitute a delivery and change of possession. May v. Tallman, 20 Ill. 443; Hart v. Wing, 44 Ill. 141; Ticknor v. McClelland, 84 Ill. 471, and cases cited at bottom of page 473.

And this rule was held applicable to three stacks of hay which had been sold, but not removed, and was then levied upon by a judgment creditor, without notice. Ticknor v. McClelland, 84 Ill. 471.

"But if one buying a stack of hay, a raft of logs or a large pile of lumber, is not required to remove such things, but may leave them during his pleasure at the place where they were when he purchased, we do not see why appellant, who had bought the corn in September and had it gathered and cribbed where he wanted it to remain, possibly through the winter, should be compelled to remove it from such place to protect his title, any more than if he had, upon the 28th of November, bought it for the first time, and regarded the understanding of himself and Hendrix, that the cribs were then and there delivered, as a delivery which, in the latter case, would be good." Vaughn v. Owens, 21 Ill. App. 249.

The purchaser of chattels who does not take possession until

after they had been attached by a creditor of the seller without notice of the sale, can not recover them from the attaching officer.  McNaughton v. Leonard (Me.), 13 At. Rep. 584.

Messrs. Amos Miller and Lane & Cooper, for appellee.

We think the rule is now well settled that there must be an actual delivery of the possession of the property to the vendee to protect his title against an execution creditor, even though the plaintiff in the execution may have had notice of the sale.  Blatchford v. Boyden, 122 Ill. 657; Long v. Cockern, 128 Ill. 30; Johnson v. Holloway, 82 Ill. 334; Frank v. Miner, 50 Ill. 444; Lowe v. Matson, 35 Ill. App. 602.

We invite the court's particular attention to this latter case as settling the questions raised in the case at bar.

In the case of Curran v. Bernard, 6 Ill. App. 543, the court uses this language:  "If the property is permitted to remain with the vendor, the sale will be deemed fraudulent in law as to creditors and subsequent purchasers, although it may have been made in good faith and for an adequate consideration."

We shall not contend that cumbrous articles should be removed to constitute a delivery and change of possession. But there must be some act exercised over it as would make the vendee a trespasser if he had not purchased.

Boggs, J.  On the 15th day of November, 1889, the appellee, then sheriff of Montgomery County, by virtue of an execution issued out of the Circuit Court of that county upon a judgment in favor of Joseph Weber and against William H. Whitman, levied upon a quantity of corn in four cribs or pens, as the property of the defendant in the execution.  The corn had been raised by Whitman in the season of 1888, on a farm on which he resided, called the Simmons place, and was there cribbed by him.  The appellant claimed that he had purchased the corn from Whitman about the 9th day of February, 1889, and demanded possession of it from the sheriff, which, being refused, he brought this action of replevin for its recovery.  The judgment below, upon the verdict of a jury being against him, he brings the record to this court for review.

The issue presented by the pleadings and evidence is, was

the alleged purchase of the corn by the appellant fraudulent or not?

As against creditors, sales of personal property by verbal contract may be deemed fraudulent and voidable upon two distinct grounds : First, that the contract was entered into with fraudulent intent.　Second, that by the rules of law a fraudulent intent is presumed from the nature and character of the transaction.

Of this latter class, are sales made when there is no change, actual or constructive, of the possession of the property.

If after the sale the property remains in the possession and control of the vendor as before the sale, the law conclusively presumes that the transaction is fraudulent as to creditors. Lawson v. Funk, 108 Ill. 502; Johnson v. Holloway, 82 Ill. 334; Thornton v. Davenport, 1 Scam. 296.

Where the articles sold are cumbrous or ponderous, so that a removal is not practicable, it is not necessary that there should be an actual change of possession from hand to hand, but it is sufficient if the buyer assumes the control of the property in an open and notorious manner, and the seller is divested of every species of possession from which an inference of ownership might arise.

When an actual change of possession is not practicable, the acts that will constitute a sufficient delivery as to creditors vary in the different classes of cases and depend upon the character of the property sold and the circumstances of each particular case.　Whether all had been done that ought to have been done to constitute a delivery, is therefore largely a question of fact to be determined by the jury under proper instructions.

In the case at bar the corn was not moved from the cribs nor was it wholly paid for.　Whitman continued in possession of the farm and was in the apparent possession of the cribs and corn when the levy was made.　He exercised acts of ownership over the corn for several months after the sale, even to the extent of feeding some 300 or 400 bushels of it to his stock.　There was nothing to indicate to the general public that the corn had passed out of his possession or control.

Hewett v. Griswold.

The jury were, we think, properly instructed as to the law governing the delivery of such property, and the evidence was sufficient, in our opinion, to justify the jury in finding that there was no such change of possession as the rules of law required. · The sale was therefore fraudulent in law, and void as to creditors.

It is, however, urged by the appellant, that if a sale is otherwise valid, it is not to be deemed fraudulent at law on the ground alone that there was no sufficient delivery of the article sold, if the creditor had notice of the sale.

· In order to present this view to the jury the appellant asked the following instruction:

(5) "The court instructs the jury that if they shall believe from the evidence that the plaintiff bought the corn in controversy from William H. Whitman in good faith and for a valuable consideration before the date of the execution in evidence before you, then the court instructs the jury that, even though there was no delivery of the corn by Whitman to plaintiff, still, that fact can not render the sale fraudulent, if the jury shall further believe from the evidence that the said Joseph Weber and the defendant had actual notice of said sale before the date of said execution."

The court refused to so instruct the jury, and such refusal is assigned as a ground for reversal.

If there was no delivery, the sale, as we have seen, is presumed by the rules of law to be fraudulent. ·

That being so, it is immaterial whether the judgment creditor or the sheriff had actual notice of the sale. If they knew of the sale they also knew that the possession remained with the vendor and that therefore the sale was void. There is no difference in effect between a sale made with actual intent to defraud creditors, and one fraudulent in law. Notice of either is only notice of a fraudulent transaction not binding upon a creditor. Swift v. Thompson, 4 Conn. 63; Homer v. Gersman, 17 S. & R. 251; Lasseter v. Bussey, 14 La. An. 699.

Finding no error in the record the judgment must be affirmed.

*Judgment affirmed.*