## Vinton E. Howell v. D. B. Fisk & Co.

1. SALES—*Of Chattels—When Fraudulent—Delivery.*—A sale of chattels is, as to a creditor of the vendor, fraudulent in law, unless the property sold is actually delivered to the purchaser, when it is of such a nature and character that an actual delivery and change of possession can be made.

2. SALES—*Change of Possession—Instruction.*—It is error to instruct a jury that a sale of personal property, otherwise valid, is not fraudulent as to existing creditors, though there is no change of possession and the property remains in the custody of the vendor, if the creditor has notice of the sale before a levy is made.

3. SALES—*No Difference Between Fraud in Fact and Fraud in Law.*—There is no difference in effect between a sale made with actual intent to defraud creditors, and one fraudulent by operation of law; notice of either is only notice of an illegal transaction not binding upon a creditor.

4. SALES—*Purchase After Notice and Antecedent Creditors.*—If one purchases after notice, he is but a mere volunteer, but an antecedent creditor is in an entirely different situation.

**Memorandum.**—Replevin. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 28, 1893.

The opinion states the case.

APPELLANT'S BRIEF, KERRICK, LUCAS & SPENCER, ATTORNEYS.

A conveyance of goods and chattels, where the possession is permitted to remain with the vendor, is fraudulent *per se* and void as to creditors and *bona fide* purchasers. Thornton v. Davenport, 1 Scam. 296; Thompson v. Yeck, 21 Ill. 73; Corgan v. Frew, 39 Ill. 38; Frank v. Miner, 50 Ill. 477; Broad-

well v. Howard, 77 Ill. 307; Johnson v. Holloway, 82 Ill. 336; Ticknor v. McClellan, 84 Ill. 474; Allan v. Carr, 85 Ill. 389; Rozier v. Williams, 92 Ill. 188; Huschle v. Morris, 131 Ill. 593; Lowe v. Kean et al., 29 N. E. R. 1036; Pickard v. Hopkins, 17 App. Ct. 570; Wood v. Loomis, 21 App. Ct. 606; Lowe v. Matson, 35 App. Ct. 602.

In such case such sale is fraudulent as to an attaching creditor, although the creditor had notice of the secret sale. Lowe v. Matson, 35 App. Ct. 602; Lowe v. Kean et al., 29 N. E. R. 1036.

Chattel mortgage is void as to third parties, although such third parties have actual notice of the mortgage, and there is no want of good faith on the part of a creditor in levying upon his debtor's property included in such chattel mortgage. McDowell v. Stewart, 83 Ill. 540; Reid v. Eames, 19 Ill. 594.

Possession of personal property is one of the strongest indications of ownership, and in order to make an assignment or transfer of such property effectual as against creditors, there must be an obvious change of possession; one that is observable, or, as it is sometimes expressed, visible; such that the appearance would indicate to an observer that there had been a change. Unless such visible change of possession accompanies the transfer or sale, the same is void *per se* as to creditors. Thompson v. Yeck, 21 Ill. 73; Ticknor v. McClelland, 84 Ill. 474; Wood v. Loomis, 21 App. Ct. 606; Gillett v. Stoddard, 30 App. Ct. 234.

The rule is general in other States, that where there is no actual delivery, the sale is fraudulent *per se* as to creditors of the vendor. Merrill v. Hurlburt, 63 Cal. 494; Edward v. Sonoma Bank, 59 Cal. 148; Taylor v. Richardson, 4 Houst. (Del.) 300; Myer v. Evans, 66 Ia. 179; Foster v. Grigsby, 1 Bush 86; Heilburn v. Brown, 17 B. Monroe 779; Stewart v. Nelson, 79 Mo. 522; Ogerry v. Lowery, 5 Mont. 427; Wilson v. Hill, 17 Nev. 401; Chuma v. Wood, 6 N. J. Law 155; Weeks v. Preston, 53 Vt. 57; Mason v. Bond, 9 Leigh. 181; Bump on Fraudulent Conveyances, page 132, 133–149.

APPELLEE'S BRIEF, EWING & WIGHT, ATTORNEYS.

Where an attaching or judgment creditor has notice of a sale (*bona fide* and for a valuable consideration) it is not fraudulent *per se* that the property remain in the custody of the vendor. Hanford v. Obrecht, 49 Ill. 146; Lowe v. Kean, 29 N. E. Rep. 1036; Powers v. Green, 14 Ill. 386; Parsons v. Hatch et al., 63 N. H. 343; Zeigler & Co. et al., v. Handrick, 106 Penn. Rep. 87; Pope v. Cheney, 68 Ia. 563.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was replevin brought by the appellees to recover a stock of millinery goods which the appellant, as sheriff of McLean county, by virtue of an attachment writ in favor of Edson Keith & Co., had levied upon and taken into his possession as the property of Mrs. Minnie H. Durham, the defendant in the attachment writ. The goods in question originally belonged to Mrs. Durham and composed the stock in trade of a millinery establishment called the "Bee Hive" conducted by her in the city of Bloomington, Ill. The attachment writ was levied on the 10th day of November, 1892. The appellees claim that they, in good faith, and for a valuable consideration, on the evening of the 7th day of November, 1892, purchased the stock of goods of Mrs. Durham; that possession of the same was delivered to them on the morning of the 8th of November, 1892; that the sale was then complete; that at the time of the levy of the attachment writ they were the owners of the property in dispute and had open and notorious possession thereof. The appellant, who is, as sheriff, the representative of Edson Keith & Co., attaching creditors, upon their behalf denied that Mrs. Durham had sold the goods to the appellees, and insisted that the transaction between them, claimed to be a sale, was fraudulent in law because it was not, as appelants claimed, accompanied by delivery or change of possession, and fraudulent in fact, as being not a real, but a colorable transaction. As this case must again be submitted to a jury, we, for obvious reasons, decline to discuss the evi-

dence relied upon to avoid the alleged sale as being in fact fraudulent. The appellees contend that if the sale was otherwise valid, it is not to be deemed fraudulent in law, even if possession did remain with the vendor. This court is committed to the doctrine that a sale of chattels is, as to a creditor of the vendor, fraudulent in law, unless the property sold is actually delivered to the purchaser, when it is of such a nature and character that an actual delivery and change of possession can be made. Hewitt v. Griswold, 43 App. 43. Such is the Illinois rule, and the Illinois authorities supporting this view will be found collected and cited in note 9, page 882, Vol. 8, Amer. and Eng. Ency. of Law.

Counsel for appellees call our attention to Hanford v. Obrecht, 49 Ill. 16, Lowe v. Keen, 29 N. E. Rept. (Ill. Supreme Court) page 1036, and Powers v. Green, 14 Ill. 386, which in their opinion announces the doctrine that a sale, if otherwise valid, is not to be deemed fraudulent merely because there is no change in the possession of the property sold. The facts in the Hanford v. Obrecht case were that personal property, the possession of which had been actually taken from a mortgagor by virtue of a chattel mortgage, was, after it had been some days in the possession of the mortgagee, sold at public auction to the highest bidder, who received possession of it from the mortgagee and afterward left it in the possession of the mortgagor. Such possession of the mortgagor was held not to be fraudulent for the manifest reason that he had parted with the possession to the mortgagee, who after some days sold and delivered it to the buyer, whereby the buyer became the legal owner and could legally leave it with the mortgagor or any one else. In Lowe v. Keene, *supra*, an assignee of an insolvent debtor had not taken actual possession of the assigned property before executions against the insolvent debtor came to the hands of the sheriff. The holding is, that such an assignee stands in the position of a trustee of the estate for the benefit of the creditors and does not occupy the same position as does a purchaser of personal property under the rule

(which is distinctly recognized) that a sale of chattels unaccompanied by possession is void as to creditors, and Mr. Justice Craig dissented, upon the ground that in his opinion an assignee stood in the same relation to a creditor as an ordinary purchaser. In Powers v. Green, *supra*, it is said on page 389 (Underwood's Annotated Reports), "The contract must be made in good faith and upon a valuable consideration and accompanied and followed by possession," and (page 390) it is in the same case said, "The jury found that there was a delivery and that possession was retained by the vendee, but we are called to review the evidence upon which they so found." The court then reviews the evidence and declares it sufficient to support the finding of the jury. These cases and each of them are not only entirely consistent with the Illinois rule as we have announced it, but may each well be regarded as authority in support of the rule. While the appellees contend that the goods were delivered to them and now insist that the proof sufficiently supports them in that contention, yet they contended in the Circuit Court and now contend in this court that the law is that a sale of personal property, if otherwise valid, is not fraudulent as to existing creditors, though there be no change of possession and the property remains in the custody of the vendor, if the creditor has notice of the sale before a levy is made. The Circuit Court accepted this as the correct legal rule, and so in effect instructed the jury. The appellees assert that it is shown by a preponderance of evidence that Edson Keith & Co. had such notice of the sale to the appellee.

We do not think notice of the sale would operate to make effectual as against a creditor, a sale that was deemed by law to be fraudulent and illegal. We had occasion in the case of Hewitt v. Griswold, *supra*, to consider that proposition, and arrived at the conclusion that it was immaterial whether the judgment creditor or sheriff had actual knowledge of the sale. There is no difference in effect between a sale made with actual intent to defraud creditors and one fraudulent by operation of law; notice of either is only no-

tice of an illegal transaction, not binding upon a creditor. We see no reason to recede from the position on this point that we assumed on the case cited. Cases supposed to declare that notice is effectual to aid a sale not accompanied by delivery, or where the property remains in the possession of the vendor, will, it is believed, upon careful examination be found only to declare that such notice is effectual as against a subsequent purchaser. If one purchases after notice he is but a mere volunteer, but an antecedent creditor is in an entirely different situation. If in so far we are right, it follows that the Circuit Court erred in instructing the jury that notice to Edson Keith & Co. of the sale was effectual to convert it into a legal transfer, whether possession of the property passed to appellees or not. This error would operate to lead the jury to regard the question of delivery of the property as unimportant, if Edson Keith & Co. had notice of the contract of sale before the levy, and would warrant and directly contribute to a verdict for the appellees without regard to the question of delivery of the goods under the alleged sale. We think that question was a material and important one, and that the appellees ought not to have prevailed unless the jury believed from a preponderance of the evidence that the sale was accompanied by such a delivery of the stock of goods as the law requires to complete a transfer of such property. The appellant stoutly denies that any delivery was made or that any change of possession or control of goods occurred. It appears from the evidence that the goods were not present when the contract of sale was entered into; that no inventory of them was there or at any other time made; that Mrs. Dunham and her clerks and employes remained in possession of the goods after the alleged sale, and prosecuted and conducted the business as they had previously done; that the sign and the name of the place of business was not changed; and other circumstances and facts were proven, bearing on the question of delivery or change of possession of the goods, as to all of which we express no opinion further than to say that it was at least sufficient to raise an issue of fact as to such delivery

or change of possession which clearly demanded the consideration and judgment of the jury as a controverted question of fact between the parties. The appellee ought not have prevailed except upon a finding upon that issue by the jury in their favor. The instructions removed it from consideration as a necessary or material element or point in the case. The error in the instructions was therefore material, and so prejudicial to the appellant that we are constrained to reverse the judgment and remand the case, which is accordingly done.