## Herman Schultz v. Oliver Reader.

1. DELIVERY—*In Sales of Personal Property.*—A sale of personal property, not being completed by delivery, is ineffectual, and in law void as against creditors.

Replevin.—Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 4, 1896.

ANDERSON & BELL, attorneys for appellant.

D. D. GOODELL and RINAKER & RINAKER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action was replevin, by appellant against appellee, to recover a binder and harvester.

At the close of the testimony offered in behalf of appellant, on the motion of appellee, the jury were instructed to return, and did return, a verdict for the defendant.

This appeal questions the ruling of the court upon the motion.

The machine was originally the property of one Quick. Appellant claimed he became the owner of it by purchase from Quick, and the claim of appellee, who was a constable, was in virtue of a levy made by him upon the machine to satisfy a distress warrant against Quick in favor of one Howell.

It appeared, from the testimony, appellant contracted

with Quick for the machine, and, giving appellant the benefit of all intendments arising from the evidence, that he paid Quick for it.

But the view of the Circuit Court was, the machine was not delivered to the purchaser, and that the sale for that reason was void, as matter of law, as against creditors.

The machine was under a shed on premises occupied by Quick when the negotiations for the purchase were begun and concluded. It remained there until levied upon by the appellee.

Appellant, after contracting to buy it, went to the shed, collected several detached parts of the machine and laid them on the machine, but did not move it or exercise other acts of control over it, but went away to his home.

On the following day appellee came to the home of Quick and levied upon it and took it away.

It was practicable to move the machine; in fact it was provided with wheels for that purpose. In this respect it was not distinguishable from any ordinary vehicle.

It remained after the sale as fully in the possession and control of the vendor as before the sale.

As to creditors of the vendor the sale, not being completed by delivery, was ineffectual, and in law fraudulent as to creditors. Consult Hewett v. Griswold, 43 Ill. App. 46, and cases there cited.

The fact that Quick notified the constable and Howell the creditor, before the levy was made, of what had occurred between himself and appellant relative to a sale of the machine, had no effect to make legal a transaction which the rules of law denounced as illegal. Hewett v. Griswold, *supra.*

Quick, in answer to the demand of the constable for property to be levied upon, presented a schedule of his property and demanded to be allowed his exemptions.

The machine was not included in the schedule and the constable thereupon proceeded to levy upon it.

Quick insisted that he should be allowed to amend the schedule and include the machine, but the constable refused to allow him to do so.

Counsel insist he had the right to so amend the schedule in order to enable him to retain the property and complete his contract with appellant.

The statute then in force provided that property omitted from a schedule should be subject to be levied upon. There was no proof the omission was brought about by the fraud of the officer or the creditor.

Appellant did not, when the schedule was signed and sworn to, desire the machine should be listed as his property.

The evidence produced by appellant did not, under the rules of the law, warrant a verdict in his favor, and the court correctly so advised the jury.

The judgment is affirmed.