## Thomas M. Cronin v. George DePeyster.

### Gen. No. 4,450.

1. PERSONAL PROPERTY—*when owner of, not in possession, may
claim, as against judgment creditor.* Notwithstanding a purchaser of
personal property may not have reduced it to possession, yet he is en-
titled to recover the same as against a judgment creditor who acquired
his rights in the cause of action reduced to judgment with notice of the
rights of such purchaser.

Judgment by confession. Appeal from the County Court of Grundy
County; the Hon. GEORGE W. HUSTON, Judge, presiding. Heard in this
court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

CORNELIUS REARDON, for appellant.

WILLIAM W. NORTH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Thomas M. Cronin obtained a judgment by confession
against Dorrah Webber, and sued out execution to the
sheriff of Grundy county, which was levied upon property
claimed to belong to Webber, situated in the north half of a
building known as the Miller Plow Factory, at Morris, in
Grundy county. George DePeyster served written notice
upon the sheriff that he claimed and was the owner of one

boiler and engine, shafting, pulleys, belting, rotary pump, drill, and all other machinery, and also all blacksmithing and woodworking tools and appliances contained in the north half of that building, being a part of the goods seized by the sheriff. A trial of the right of property was thereafter had in the County Court pursuant to statute. A jury was waived and the proofs were heard. No propositions of law were presented. The court found for DePeyster, and entered judgment accordingly, and Cronin appeals.

Appellee was the owner of the building, and rented the north half to Webber. The machinery in question Webber had previously purchased from another party and had given a purchase money chattel mortgage thereon, which he was unable to pay. He also owed appellee a considerable sum for rent. Appellee paid the mortgage debt, canceled the claim for rent against him at that time, and paid Webber an additional sum by check, the entire consideration thus paid being $200. Appellee's testimony was that he purchased this property from Webber at that time. Webber executed to him a bill of sale. Appellant claims that that transaction was a loan and that as the bill of sale was only security for the loan and was not recorded, it was void. Appellee's testimony is positive that he purchased the property. Webber testified for appellant that his understanding was he was to have the property back if he paid $200 by a certain time, and that he supposed that agreement was contained in the paper he signed. No such provision is contained in the bill of sale, and the preponderance of the evidence appears to be with appellee on that subject.

Appellant also contends that if appellee bought the property from Webber, then possession was not given by Webber, and the sale was therefore void as to creditors and *bona fide* purchasers. Appellee owned the entire building, and occupied the south half. There was a sliding door between the part occupied by appellee and the part occupied by Webber. Appellee's testimony tended to show that

that door was left unfastened and that he had constant access to the north half of the building, and used from time to time the tools he had so purchased, and that the property was in his possession; that he permitted Webber to use the north half and also permitted him to use appellee's machinery and tools, Webber having agreed to pay appellee rent, although he was delinquent. It also appears without dispute that before appellant's judgment was obtained and execution levied appellee was insisting on Webber's moving out, and Webber had promised to do so and had fixed a time, but had asked for further delay in order that he might finish certain unfinished work then on hand. Appellant's proof tended to show that the door between the two parts of the building was kept fastened, although Webber admitted that appellee used the tools whenever he desired. In this conflict of the testimony as to whether appellee had access to the north half and possessed and used this property, the condition of the testimony would not warrant our disturbing the conclusion of the trial judge who saw the witnesses and heard them testify.

Appellee's testimony showed that before appellant took the promissory note upon which his judgment was confessed he was advised of the fact that appellee had purchased this property. While appellant's testimony does not admit all that appellee proved on that subject, it does admit much of it, and the trial judge was warranted therefrom in finding that appellant did have such notice before he took his judgment note. If he had actual notice of appellant's rights at that time, then this case does not come within the rule that a purchaser of personal property must reduce it to possession in order to acquire title thereto as against creditors without notice. O'Leary v. Bradford, 39 Ill. App. 182.

The judgment is affirmed.

*Affirmed.*