## Marcia E. Lovejoy et al. v. Hannah M. Raymond.

### Gen. No. 12,567.

1. JUDGMENT AT LAW—*erroneous as to one defendant, erroneous as to all.* A judgment at law is a unit, and if erroneous as to one defendant, is erroneous as to all, and, therefore, a reversal must be *in toto.*

2. SALE—*when void as to creditors.* Where no change of possession follows an alleged sale of personal property, it is void as to creditors without notice.

Action of replevin. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed July 2, 1906. Rehearing denied July 16, 1906.

MORSE IVES and G. I. HAIGHT, for appellants.

ALDEN, LATHAM & YOUNG, for appellee.

PER CURIAM. This is an action of replevin brought by appellee against appellants to recover a piano, in which a judgment was entered in her favor for the property and for $15 and costs against all of the appellants.

As the judgment of the Circuit Court must be reversed and the case sent back for a new trial, we refrain from discussing the evidence, except in so far as it may be necessary to pass upon the questions raised on this appeal.

Appellant Doolin, under a search warrant issued before this suit was begun, took the piano from the Lovejoy home and stored it with appellant Livingston. While the search warrant proceeding was pending appellant Chase, a constable, levied an execution, issued on a judgment rendered against Mrs. Lovejoy, upon the piano, took it from Doolin, and suffered it to remain in the possession of Livingston as custodian. After the search warrant proceeding was ended appellee made a demand upon each and all of the appellants for the possession of the piano. Her request being refused, she began this action.

It is clear that at the time this suit was started neither Doolin nor Mrs. Lovejoy had possession of the piano. It is equally clear that at that time neither of them detained

it. But each of them was found guilty of withholding the possession of the piano from appellee, and a judgment was rendered against each of them for $15 damages and costs of suit.

There is no justification in the record for any judgment against Doolin or against Mrs. Lovejoy. The suit should have been dismissed as to these two appellants before the entry of a judgment herein. It is elementary that a judgment at law is a unit as to all the defendants against whom it is rendered, and if erroneous as to one it is erroneous as to all, and on appeal must be reversed as to all and remanded generally. Claflin v. Dunne, 129 Ill. 241; W. Chicago St. Ry. Co. v. Morrison, 160 Ill. 295; Supreme Lodge, etc., v. Goldberger, 175 Ill. 19; Seymour v. Richardson Fueling Co., 205 Ill. 82; Met. El. Ry. Co. v. Strasburg, 79 Ill. App. 136.

The evidence tends to prove that after the alleged sale of the piano it remained either in the possession of the Lovejoys or in that of appellee and the Lovejoys. Upon these facts the general rule is that such sale is void as to creditors and purchasers. Bass v. Pease, 79 Ill. App. 313. Nor does the fact that appellee lived in the Lovejoy home change the rule. Freeman on Exons., sec. 155, 2nd ed.; Dexter v. Parkins, 22 Ill. 146; Hull v. Sigsworth, 48 Conn. 266; Murphy v. Mulgrew, 102 Cal. 547.

There is an exception to this rule which forbids Bailey, the judgment creditor, from taking advantage of the want of a separate possession of this piano upon the part of appellee; and that is, where the judgment creditor has notice of the fact that the property in the possession of his debtor is owned by another, he cannot lawfully levy upon it. Bailey is the son-in-law of Mrs. Lovejoy. Before he brought suit and took judgment by confession against her, Mrs. Lovejoy told him all about the claim of appellee to the piano. This actual notice of the alleged rights of appellee was as effectual as a complete change of possession would have been. After he had this knowledge his levy upon the piano through the constable, Chase, would be defeated if appellee established her ownership of the piano. The ob-

ject to be obtained by a change of possession is to give notice to the world that there has been a change of ownership. The Supreme Court in Lowe v. Matson, 140 Ill. 108, cites from Chitty on Contracts (7th Am. ed., p. 412), "And when the transfer is founded on a good consideration, and there is no intention in fact to defraud creditors, the legal presumption of fraud created by the non-delivery of possession does not arise if the transfer or transaction were a matter of publicity or notoriety. * * * If the assignment be notorious, fraud cannot be inferred from the omission to take possession." It then states that retaining possession by a defendant in execution after a sale of personal property by an officer is not fraudulent *per se* as to creditors, because of the publicity of such sales. The court applies this principle to property included in an assignment for the benefit of creditors, where one of the creditors after the assignment under an execution against the assignor took actual possession of a part of the property before the assignee reduced it to possession.

In the Second District in O'Leary v. Bradford, 39 Ill. App. 182, Justice Upton writing the opinion, it is held that attaching creditors having actual notice of the rights of a prior purchaser of personal property, before they caused a levy to be made upon such property, could not hold the same as against the asserted rights of the purchaser.

In Cronin v. DePeyster, 118 Ill. App. 583, in the same district, Justice Dibell delivering the opinion of the court, it is decided that notwithstanding a purchaser of personal property has not reduced it to possession, he may recover it as against a judgment creditor of the vendor, who, before he took the judgment note upon which his judgment was entered, had notice of the rights of the purchaser.

The Appellate Court of the Second District in Sechler Carriage Co. v. Dryden, 71 Ill. App. 583, enforced this exception to the general rule. In that case the Carriage Company had sold to Tornquist, the judgment debtor, certain buggies. Being unable to pay for them Tornquist sold the buggies back to the Carriage Company, and then it was agreed that Tornquist should retain possession of

them and sell them upon commission. The judgment creditors of Tornquist had full knowledge of the ownership of the buggies before they levied upon them and took them from the judgment debtor. The Carriage Company replevied the buggies, and the court, Justice Dibell delivering the opinion, decided that the right of property was in the Carriage Company, holding that actual notice to the judgment creditors of the rights of the Carriage Company was as effectual to apprise them of those rights as a change of possession would have been.

In many cases the Supreme Court has laid down the rule "that a purchaser of personal property, in order to acquire title as against creditors and purchasers, *without notice*, must reduce it to possession before their rights attach." Huschle v. Morris, 131 Ill. 593, and cases cited. This statement implies that if the creditor or purchaser has notice of the rights of a prior purchaser not in possession before the levy or before the second sale, the rights of such prior purchaser are dominant, and that in a contest for the possession of the property it will be awarded to him.

Counsel for appellant refer us to Hewitt v. Griswold, 43 Ill. App. 43; Howell v. Fisk, 52 Ill. App. 310, and Schultz v. Reader, 69 Ill. App. 295, all in the Third District, in each of which the opinion was handed down by Mr. Justice Boggs, holding that a sale of personal property is fraudulent in law and void as to creditors unless it is actually delivered to the purchaser. We are of the opinion that the rule as stated in the three cases cited from the Second District is founded in justice and in equity, and is more clearly supported by the authorities than is laid down in the cases before referred to arising in the Third District. We therefore hold that there is no reversible error in the seventh instruction as given by the trial court.

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

The foregoing opinion was written by Mr. Justice Ball during his term as justice of this court, and is now adopted as the opinion of this court.