## D. P. Pennywitt, Appellant, v. Albert Lindsey, Appellee.

SALES—*when fraudulent per se.* An absolute conveyance of personal property, where there is no delivery to the vendee and the possession of the property is permitted to remain in the vendor, is fraudulent *per se* as to creditors and *bona fide* purchasers of the vendor and is not open to explanation.

·Action commenced before justice of the peace. Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

D. P. PENNYWITT, appellant, *pro se.*

FLACK & LAWYER, for appellee.

, . MR. JUSTICE BAUME delivered the opinion of the court.

This is a proceeding originally instituted by appellant against appellee before a justice of the peace to try the right to certain property consisting of a team of horses, wagon and harness, claimed by appellant under a bill of sale therefor from one Connelly, and which had been levied upon as the property of said Connelly by appellee, his judgment creditor. At the close of the evidence for appellant upon the trial in the circuit court, a peremptory instruction was given to the jury to find the issues for appellee and that the property in controversy was not the property of appellant. Upon such a verdict of the jury the court entered judgment against appellant in bar of his action and for costs.

The evidence discloses that prior to November 2, 1907, Connelly, being indebted to appellant, gave the latter a chattel mortgage on the property in question to secure such debt; that upon the maturity of said debt on that day, Connelly being unable to pay the same, executed to appellant an absolute bill of sale of said property, which bill of sale contained no provision authorizing Connelly to retain possession of the property; that the property was never delivered by Connelly to appellant prior to the levy of the execution but continued to remain in the possession and control of Connelly until October 1909 when appellee's execution was levied; that appellee had no notice in fact that appellant claimed to own said property when the execution was issued upon the judgment. Upon this state of facts the court properly gave to the jury the peremptory instruction at the close of appellant's evidence.

The rulings of the court upon the evidence were more favorable to appellant than he was entitled to. An absolute conveyance of personal property, where there is no delivery to the vendee and the possession of the property is permitted to remain in the vendor, is fraudulent *per se* as to creditors and *bona fide* purchasers of the vendor and is not open to explanation. Reed v. Eames, 19 Ill. 594; Ticknor v. McClelland, 84 Ill. 471; Huschle v. Morris, 131 Ill. 587; Hewett v. Griswold, 43 Ill. App. 43; Howell v. Fiske, 52

104 APPELLATE COURTS OF ILLINOIS.

Casper v. Illinois Cent. R. Co., 162 Ill. App. 104.

Ill. App. 310; Schultz v. Reader, 69 Ill. App. 295; Bass v. Pease, 79 Ill. App. 308.

There is no error in the record and the judgment is affirmed.

*Affirmed.*