## William Trimble, Appellant, v. Louis Hunt, Appellee.

1. EXECUTION—*when levy establishes lien.* If a levy is made it is not necessary that the officer shall remove the property levied upon but it is sufficient if he assumes dominion over it with the express purpose of holding it under the writ.

2. SALES—*what void as against third persons.* A sale of chattels where possession remains with the vendor is fraudulent *per se* and void as to creditors and subsequent purchasers. There is however an exception to the rule requiring actual delivery in a case where the property when sold is in the possession of the bailee or custodian of the vendor.

Replevin. Appeal from the County Court of Wabash county; the HON. JOHN A. LOPP, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 12, 1912.

GEORGE P. RAMSEY, for appellant.

E. B. GREEN and THEO. G. RISLEY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

In an action in replevin for the recovery of a piano originating before a justice of the peace, the county court on appeal found the right of property in appellee, entered a judgment against appellant for a return of the property, and ordered a writ of *retorno habendo.*

Appellee was a constable and it was stipulated by the parties that the piano was levied upon by him by virtue of a writ of attachment, and that possession of the property was left with a Mrs. Zimmerman to hold for appellee, the constable serving the writ, and that it continuously remained with her until demanded by appellant of appellee and until replevied by appellant, when it was still left with Mrs. Zimmerman for appellant.

It appears from the evidence the piano belonged to one Mrs. Nellie McCormick, and while she was the

owner it was placed by her in the possession of Mr. and Mrs. Zimmerman as bailees, sometime prior to the levy of the attachment. The attachment writ ran against the owner, Mrs. McCormick, and when appellee levied it, the piano was not removed but was left where he found it in the house of the Zimmermans, and as recited in the stipulation it was left with Mrs. Zimmerman to hold for appellee. The officer did not leave the property in the possession of the attachment debtor but placed it in the custody of Mrs. Zimmerman to hold for him as custodian. The evidence shows the piano was before the levy in the possession of Mr. and Mrs. Zimmerman as bailees of the debtor, Mrs. McCormick. It is stipulated there was a levy made, and it was not necessary the officer should have removed the piano but it was sufficient he assumed dominion over it with the express purpose of holding it under the writ. Gaines v. Becker, 7th Brad. 315; Herman on Executions, Sec. 161.

Where the officer does not reduce the property to possession or exercise any control over it but simply sees it and leaves it where he found it, this is wholly insufficient to affect the rights of third persons. Havely v. Lowry, 30 Ill. 446. But if he takes it into his possession by placing a custodian over it this is notice to the world that the levy has been made and is sufficient. (Ibid.) "The officer may if he desires entrust the property levied upon to the keeping of a custodian without thereby abandoning the levy." Am. & Eng. Ency. 2nd ed. Vol. 11, page 660; Smith v. Hughes, 24 Ill. 270.

Appellant conceded appellee had possession by virtue of his writ by making demand upon him for the property, and by this suit in replevin. The levy of the writ was valid and unless appellant as purchaser is entitled to the property as against the valid levy of the writ he could not recover.

Turning to the question of appellant's claim to the

property which he claims to have bought before the levy as against the right of appellee under the writ, the evidence shows that appellant never took actual possession of the property but it remained with the Zimmermans. The attachment writ was levied on February 3, 1911. Appellant testified that early in December, 1910, he purchased the piano from Mrs. McCormick for $100. At that time the piano was at the home · of the Zimmermans where it had been taken for Mrs. McCormick in June or July, 1910. He further states that after his purchase in December he saw Mrs. Zimmerman in town at a bakery and asked her if she had learned to play the piano and she said no; that he told her she could keep it until the first of the year and then he would let her know whether she could keep it longer or not and she said all right.

Assuming appellant purchased the piano from Mrs. McCormick as he claims, and that such sale was in good faith, still unless there was a delivery of the property to him, such sale was fraudulent as to creditors and passed no title as to them. Mrs. McCormick was the owner of the property and appellant could not acquire a title to it by purchase from her as against her creditors without a change of possession, either actual or constructive.

A sale of chattels where possession remains with the vendor is fraudulent *per se* and void as to creditors and subsequent purchasers. Thornton v. Davenport, 1 Scam. 296; Thompson v. Wilhite, 81 Ill. 356; Lefever v. Mires, *ibid*, 456; Johnson v. Holloway, 82 Ill. 334; Gillette v. Stoddart, 30 Ill. App. 231. "An absolute sale of personal property which is capable of removal but which is not removed from the possession of the vendor is fraudulent as against creditors and subsequent purchasers although made in good faith and for an adequate consideration." Harts v. Jones, 21 Ill. App. 150; Wood v. Loomis, *ibid*, 604. And such sales without delivery are void even as to

creditors with notice.    Hewitt v. Griswold, 43 Ill. App.
43.    There may be a constructive delivery of property
not capable of removal such as very bulky articles,
growing crops, a stock of goods in a building, and the
like, but as the piano was not such property but was
easily removable, it is unnecessary to consider that
class of cases.

There is also an exception to the rule requiring ac-
tual delivery in a case where the property when sold
is in the possession of a bailee or custodian of the
vendor, and as we view this case this is the only ques-
tion to determine.

In such case it has been held that where the property
has been sold by the owner and the bailee notified of
such sale and directed to hold it, for the purchaser
this operates as a change in the possession, as by such
notice the bailee becomes the keeper of the true owner
by operation of law, and it is held such transfer of
possession is valid against creditors.    Hodges v. Hurd,
47 Ill. 363-365.    It is further said in that case as a
reason for the rule that the object of requiring a
change in possession to accompany a sale of personal
property is to give notice to the public and when prop-
erty in the custody of the bailee is sold this object
is accomplished by notifying the bailee of the sale, and
directing him to hold for the purchaser.    The fact of
sale would be learned by inquiry from the bailee.

It is claimed by appellant that the conversation with
Mrs. Zimmerman at the bakery above detailed, was
notice to her that he was the owner.    All there was of
that conversation was as stated by appellant that he
asked her if she had learned to play it, and he told her
she could keep it until the first of the year and then
he would let her know whether she could keep it longer
or not, and she said all right.    Mrs. Zimmerman says
appellant told her in that conversation she could keep
it until the first of the year and he would let her know
what to do with it.    Mrs. Zimmerman, the custodian,

had no other information concerning the matter of appellant's claim of ownership than this. She was then the bailee of Mrs. McCormick and the evidence shows when the piano was taken to the house of Zimmerman appellant hauled it there for Mrs. McCormick. Mrs. Zimmerman testified he did not say he was the owner. She did not so understand it as she says he told her he would let her know what to do with it, and she shortly became the custodian of appellee when he made the levy. Appellant did not direct her to hold the piano for him, and as he had hauled the piano there for Mrs. McCormick, Mrs. Zimmerman would naturally suppose he was still acting for her. It is apparent appellant did not say enough to acquaint the custodian he was the owner, so the fact of sale could be learned by inquiry from her. She was not so advised by any information from appellant or from any quarter.

There was no notice to work a change of possession from the Zimmermans as bailee of Mrs. McCormick to appellant or to Mrs. Zimmerman as bailee for him. We are of opinion the property was subject to the attachment and the judgment of the County Court is affirmed.

*Affirmed.*